MICHAEL L. MALLOW (SBN 188745)
MMALLOW@LOEB.COM
LOEB & LOEB LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, California 90067-4120
Telephone: 310-282-2000
Facsimile: 310-282-2200

Attorneys for Plaintiff
888EXTRAMONEY.COM, LLC, d/b/a
EXTRAMEASURES, LLC

FILED
08 APR 22 PM 3:53
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ___ 08 CV 0729 BEN BLM DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 888EXTRAMONEY.COM, LLC, d/b/a EXTRAMEASURES, LLC, a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MERIDIAN ENTERPRISES CORPORATION, a Missouri corporation,<br><br>　　　　Defendant. | Case No. _____<br><br>**MOTION TO FILE COMPLAINT AND EXHIBIT C UNDER SEAL** |

Plaintiff 888EXTRAMONEY.COM, LLC, d/b/a EXTRAMEASURES, LLC, a Delaware corporation, with a principal place of business at 8910 University Center Lane, Suite 475, San Diego, California 92122 ("extrameasures"), moves the Court for an order permitting it to file its Complaint and an agreement between Meridian and Visa U.S.A, Inc. (the "Agreement"), a redacted copy of which is attached as Exhibit C to the Complaint, under seal.

Defendant Meridian Enterprises Corporation ("Meridian") claims it is the owner of U.S. Patent No. 5,025,372 ("the '372 patent"), and has accused extrameasures of infringing the '372 patent. Extrameasures brings this Complaint

1 for declaratory judgment on several grounds, including that, to the extent the '372
2 patent applies to extrameasures' business, extrameasures has a fully paid-up license
3 to practice the '372 patent as a third-party beneficiary to the Agreement. The
4 Complaint references pertinent provisions from the Agreement.

5      In view of the Agreement's confidentiality provision and the confidentiality
6 marking stamped on it, Meridian may contend that the Agreement, even in redacted
7 form, should not be made public. Although extrameasures does not itself have any
8 interest or obligation to maintain the confidentiality of the Agreement,
9 extrameasures makes this request out of an abundance of caution and in deference to
10 the judgment of this Court and the parties to the Agreement.

11      This Court has "supervisory power over its own records and files" pursuant to
12 which it may seal its records. <u>Hagestad v. Tragesser</u>, 49 F.3d 1430, 1433-34 (9th
13 Cir. 1995). In this circuit, "it is vital for a court clearly to state the basis of its
14 ruling, so as to permit appellate review of whether relevant factors were considered
15 and given appropriate weight." <u>E.E.O.C. v. Erection Co.</u>, 900 F.2d 168, 170 (9th
16 Cir. 1990) (quoting <u>Valley Broad. Co. v. U.S. Dist. Court</u>, 798 F.2d 1289, 1294 (9th
17 Cir. 1986)). "Such relevant factors may include public interest in understanding the
18 judicial process and whether disclosure of the material could result in improper use
19 of the material for scandalous or libelous purposes or infringement upon trade
20 secrets." See <u>Hagestad</u>, 49 F.3d at 1435 (quoting <u>Valley Broad.</u>, 798 F.2d at 1294).

21      Here, extrameasures is not in a position to assess whether the Agreement
22 merits confidential treatment. However, extrameasures requests that the signatories
23 ///
24 ///
25 ///
26 ///
27 ///
28

1 to the Agreement be given an opportunity to present any reasons to keep the
2 Agreement, and the Complaint (which quotes from the Agreement), under seal.

Dated: April 22, 2008

LOEB & LOEB LLP
MICHAEL L. MALLOW

By: /s/ Michael L. Mallow
Michael L. Mallow
Attorneys for Plaintiff
888EXTRAMONEY.COM, LLC, d/b/a
EXTRAMEASURES, LLC